Miller, J.
The errors assigned are to the charge of the court and the refusal to give the instructions asked by the defendant.
Had the jury found a general verdict only it might have become necessary for us to notice particularly the instructions given and those refused, but, in addition to their general verdict for the plaintiffs, the jury, by direction of the court, returned the following special finding of facts:
“ First. Q. Did the defendant promise and agree with plaintiffs that, if they would do certain blacksmith work for J. D. Johnson, he would pay for what the work would come to by paying plaintiffs' subscription to the Iowa Central Railroad? A. Tes”
" Second. Q. Did the plaintiffs, on the strength of such agreement, do the alleged work for Johnson? A. Tes.”
And on request of defendant the jury returned the following:
“ First. Q. DidBoals & Standish give credit to Johnson when doing the work charged in account referred to ? A. No.”
“ Second. Q. Was defendant, and not Johnson, to pay for the work done by plaintiffs and charged in account referred to ? A. No.”
“ Third. Q. Did plaintiffs, when doing the work for Johnson, intend to hold him as well as defendant responsible for the same? A. No.”
“ Fourth. Q. If defendant did agree to pay for said work, what was the consideration moving to him for his promise so to pay for said work? A. That the work on contract might progress.”
The jury by these special findings determined every fact for the plaintiffs necessary to entitle them to recover, so that, if there was any error in law in giving or refusing instructions, such error was without prejudice. It is not claimed by appellant that any of the instructions related to any of the facts found by the jury in their special verdict. The facts thus found by the jury are consistent with and support the general verdict. That both are supported by the evidence will be presumed in the absence of the evidence from the record.
Affirmed.